**The COMMISSION ON AGING OF the STATE OF ALABAMA et al., Petitioners,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Respondent.**

**No. 28051.**

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1970.

MacDonald Gallion, Atty. Gen., W. Mark Anderson, III, Sp. Asst. Atty. Gen., Montgomery, Ala., for petitioners.

John N. Mitchell, U. S. Atty. Gen., Alan S. Rosenthal, Robert E. Kopp, Attys., Dept. of Justice, Washington, D. C., Robert C. Maridian, Gen. Counsel, Health, Education and Welfare, Washington, D. C., for respondent.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

The Commission on Aging for the State of Alabama (Commission) petitions this court to review what it characterizes as a "final action" of the Secretary of Health, Education and Welfare (Secretary) in the hope it can recapture its originally allotted portion of a 1968 appropriation that has long ago been distributed to other states. Since we find that no final action by the Secretary has taken place in any sense essential to the investiture of review jurisdiction in this court, we dismiss the petition.

Title III of the Older Americans Act of 1965, 42 U.S.C.A. § 3001 et seq. (1970), provides for a series of annual welfare fund appropriations directly to the States which then administer the ultimate distribution of funds. Prerequisite to any appropriation to a State, however, is a formal approval by the Secretary of the plan for administration of the fund as submitted by the State. After giving notice and affording an opportunity for a hearing to the State, if the Secretary finds that the State plan does not comply with the requirements of the Act, he shall finally disapprove the State plan. 42 U.S.C.A. § 3023(a) (1970). After a final disapproval, the State is entitled to judicial review in this court of such final action by the Secretary. 42 U.S.C.A. § 3023(c) (1970).[1]

The facts before us show that in 1968 the Secretary refused to distribute to Alabama funds that had previously been allocated for distribution to that State since he had not yet approved the State plan.[2] At the end of the fiscal year these funds were redistributed among the other states whose plans had been approved. It is this redistribution which the Commission contends amounted to a "final action" by the Secretary. This contention is without merit.

The dispute between the Secretary and the Commission over approval or disapproval of the plan still remained unresolved at the time this petition was filed. The Secretary has consistently advised the Commission that if it desires a final action on its plan all it need

1. "A State which is dissatisfied with a final action of the Secretary under subsection (a) * * * of this section may appeal to the United States court of appeals for the circuit in which the State is located, by filing a petition with such court within sixty days after such final action. * * * The Secretary thereupon shall file in the court the record of the proceedings on which he based his action * * *. Upon the filing of such petition, the court shall have jurisdiction to affirm the action of the Secretary or to set it aside, in whole or in part, temporarily or permanently, but until the filing of the record, the

Secretary may modify or set aside his order. * * * "

2. The failure of the State's plan to gain approval was due in whole or in major part to certain features of the State's merit system program, a point of contention which ultimately resulted in still pending litigation (United States by Mitchell v. Frazer, M.D.Ala., 317 F. Supp. 1079). We have been advised at oral argument that a compromise has been reached under the terms of which *prospective* approval has been given, subject to the State's commitment to abide by the outcome of this litigation.

do is to request a hearing. To this time there has been no such request, no hearing and no final action. There is nothing for this court to review and thus we have no jurisdiction. Accordingly, the petition for review is dismissed.

Dismissed.